J-S02001-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MICHAEL JONES | : | |
| | : | |
| Appellant | : | No. 803 EDA 2020 |

Appeal from the Judgment of Sentence Entered February 28, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0003755-2016

BEFORE: LAZARUS, P.J., DUBOW, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.: **FILED JULY 15, 2025**

The Pennsylvania Supreme Court remanded this case to this Court to determine whether a ***Bruton***[1] violation was harmless. We conclude it was.

The Supreme Court gave the following summary of the factual and procedural history:

> On February 6, 2016, at about 3:30 a.m., Jones and codefendants Syheed Wilson and Keirsten Carroll exited a SEPTA train and hailed a cab driven by Alex Destin. Sitting in the front passenger seat, Jones directed Destin where to drive, then told him not to move as he put a gun to Destin's head. Destin continued to drive, and Jones shot twice. The bullets grazed Destin's forehead and right ear. Jones jumped out of the moving taxi and fled. Wilson then pulled Destin's arm back and asked him to stop the cab.
>
> Destin refused, and Wilson shot him in the bicep. Destin lost control of the vehicle and hit a parked car. He ran from the vehicle and called for help.

---

[1] ***See Bruton v. United States***, 391 U.S. 123 (1968).

After seeing SEPTA surveillance footage of Jones, Wilson and Carroll on the news, [Mick] Houston, owner of the restaurant where Jones and Wilson worked at the time, contacted police and identified them. Jones, Wilson and Carroll were arrested on February 23, 2016. Following arrest, Wilson gave a statement to police identifying Jones as the shooter, Commonwealth Exhibit 39 (Wilson's police interview, 2/23/2016), and Carroll also gave a brief statement, Commonwealth's Exhibit 40 (Carroll's police interview, 2/23/2016).

An indicting grand jury approved an indictment alleging that Jones committed attempted murder and related charges. Grand Jury Indictment, 3/29/2016. Jones was then charged by criminal information. Criminal Information, 4/27/2016, at 1-2. On September 10, 2016, Jones filed a motion in limine seeking to bar any reference at trial to Jones in Wilson's and Carroll's statements. He argued that the statements, entered without testimony by Wilson and Carroll, would violate the principle established in **Bruton**, *i.e.*, that admission at a joint trial of a non-testifying co-defendant's statement that incriminates the defendant violates the Confrontation Clause. Motion in Limine, 9/10/2016, ¶¶ 1- 2. In support, Jones observed that Pennsylvania courts permit redactions of the defendant's name from the statement, but that "the redaction must be complete enough . . . that the shielded co-[d]efendant, despite not being mentioned specifically by name, cannot be so easily identified by the jury that the redaction would be rendered meaningless." Memorandum in Support of Motion in Limine, 9/10/2016, ¶ 3. As a result, the specific references to Jones were to be replaced with "my friend."

At trial, the Commonwealth called Houston to testify that Jones and Wilson worked together and were friends. The Commonwealth then called Detective [Timothy] Quinn who testified regarding, *inter alia*, photo identifications of Jones by Wilson and Carroll, and his interview of Wilson and Carroll. Trial counsel objected to the introduction of these statements relying on **Bruton**. N.T., 10/27/2016, at 181, 193. The trial court overruled the objection. **Id.** At the conclusion of the trial, the trial court instructed the jury that each of the defendant's statements may be considered as evidence only against the defendant who made the statement and not as evidence against a defendant who did not make it. N.T., 10/31/2016, at 30.

The jury found Jones guilty on all counts—attempted murder, aggravated assault, robbery, conspiracy, two counts of

terroristic threats, and firearms offenses. The trial court sentenced Jones to twenty to forty years of imprisonment.

*Commonwealth v. Jones*, 325 A.3d 601, 602-03 (Pa. 2024) (some alterations in original, footnote omitted).

On direct appeal, Jones argued that the redaction of Wilson's statement violated *Bruton*. A panel of this Court affirmed. *Commonwealth v. Jones*, No. 803 EDA 2020, 2021 WL 1345560, at *1 (Pa.Super. April 12, 2021). However, the Supreme Court granted allowance of appeal, reversed our decision, and remanded to this Court for a determination of whether the *Bruton* error was harmless. *See Jones*, 325 A.3d at 602, 617.

An error in a criminal trial is harmless if (1) the error did not cause the defendant any prejudice or the prejudice was *de minimis*; (2) the erroneously admitted evidence was merely cumulative of other untainted evidence that was substantially similar to the erroneously admitted evidence; or (3) the properly admitted and uncontradicted evidence of guilt was so overwhelming and the prejudicial effect of the error was so insignificant by comparison that the error could not have contributed to the verdict. *Commonwealth v. Frein*, 206 A.3d 1049, 1070 (Pa. 2019). For the harmless error doctrine to apply, we must be convinced of the harmlessness beyond a reasonable doubt. *Id.*

Wilson's statement served as part of the evidence establishing that Jones was the front-seat passenger. We conclude the *Bruton* error was harmless because Wilson's statement was merely cumulative of substantially similar, properly admitted identification evidence. Moreover, the other

evidence identifying Jones as one of the attackers was overwhelming, and the prejudicial effect of the erroneous redaction not significant in comparison, such that could not have contributed to the verdict.

The primary evidence identifying Jones consisted of a chain of identifications. First, the victim testified that he identified a surveillance photo as being of the front seat passenger. N.T., 10/26/2016, at 91-92. He testified that police had shown him two photographs, which were in Exhibit C-9. *Id.* at 90-91. He explained that he had identified one of the men in both photographs in writing on the photo as the front-seat passenger. *Id.* at 92. Exhibit C-9 contains two photographs, each depicting three people. The photos bear handwriting identifying the person on the right as the "front seat" passenger. *See* Exhibit C-9.

Then, the owner of the restaurant where Jones and his co-defendant worked, Mick Houston, testified that police had presented him with surveillance photos. He explained that he had identified a man in the photos as Jones. N.T., 10/27/16, at 129-130. He said that Exhibit C-14 contained the photos police had shown him and confirmed that he had identified Jones in writing on one of the photographs as the person on the right. *Id.* at 129.

Exhibit C-14 includes three photographs, each depicting three people. One of the photographs bears handwriting stating, "Mike Jones," with an arrow pointing to the person on the right. *See* Exhibit C-14. The photo in Exhibit C-14 bearing the handwritten identification of Jones is the same image as one

of the photos in Exhibit C-9. That photo in Exhibit C-9 was the one on which the victim identified the person on the right as the front-seat passenger.

The victim's testimony and Houston's testimony linked together as strong evidence identifying Jones as the front-seat passenger. Their identification of him in the SEPTA photos also served to place Jones at the same SEPTA station and time that the assailants hailed the victim's cab. The photos in Exhibits C-9 and C-14 appear to be the same images, and it was within the jury's province to determine that they were. It was also free consider its observation of Jones in court in determining if he was the person in the videos and photos. **See Commonwealth v. Russell**, No. 800 WDA 2024, 2025 WL 1091553, at *10 (Pa.Super. Apr. 9, 2025) ("The jury was free to determine, based on its viewing of the Video (on repeated occasions), as well as its observation of Appellant in court, that Appellant was the man depicted in the Video holding a gun."). **See also Commonwealth v. Harris**, 884 A.2d 920, 933 (Pa.Super. 2005) (stating a jury can determine whether a person in a video image is recognizable as the defendant).

Other evidence also connected Jones to the crime. Most notably, Jones' DNA was on the inside door handle of the taxi's front passenger seat. **See** N.T., 10/27/16, at 260-262. Also, Houston testified that Jones and his co-defendant were friends and worked together at Jack's Firehouse, and that Jones stopped showing up for work after the attack. The violation was harmless beyond a reasonable doubt.

Judgment of sentence affirmed.

Judge Dubow joins the memorandum.

President Judge Lazarus notes dissent.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/15/2025